USCA1 Opinion

 

 December 4, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 95-1726  SUSAN HAYES, Plaintiff, Appellee, v. STATE OF RHODE ISLAND DEPARTMENT OF BUSINESS REGULATION, Defendant, Appellee.  __________ MAURICE A. PARADIS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Raymond J. Pettine, Senior U.S. District Judge] __________________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Cyr, Circuit Judges. ______________ ____________________ Steven E. Snow, Thomas R. Noel and Partridge, Snow & Hahn on _______________ _______________ ________________________ brief for appellant. Amato A. DeLuca, Miriam Weizenbaum and Mandell, DeLuca & _________________ ___________________ ____________________ Schwartz, Ltd. on brief for appellee, Susan Hayes. ______________ ____________________ ____________________ Per Curiam. Defendant-appellant Maurice C. Paradis __________ has filed this interlocutory appeal from the district court's denial of his motion for summary judgment on the issue of qualified immunity that would shield him from damages in this sex discrimination suit. Plaintiff-appellee Susan Hayes argues that under Johnson v. Jones, ___ U.S. ___, 115 S. Ct. _______ _____ 2151 (1995), this court lacks appellate jurisdiction. Paradis has raised two issues on appeal. The first issue is a purely legal one: whether in 1991, when the challenged conduct occurred, there was a clearly established right under the fourteenth amendment's equal protection clause to be free from sex discrimination in the workplace. Under Johnson, "a district court's pretrial rejection of a _______ proffered qualified immunity defense remains immediately appealable as a collateral order to the extent that it turns on a pure issue of law . . . ." Stella v. Kelley, No. 95- ______ ______ 1223, slip op. at 10 (1st Cir. Aug. 23, 1995). Exercising this jurisdiction, we summarily affirm the district court's _________ ______ purely legal determination that, at the time of the challenged conduct, there existed a clearly established right under the fourteenth amendment's equal protection clause to be free from sex discrimination in the workplace. See ___ Lipsett v. University of Puerto Rico, 864 F.2d 881, 884-85 _______ __________________________ (1st Cir. 1988) (holding that sex-based discrimination is -2- actionable under 42 U.S.C. 1983 as a violation of the equal protection clause).  Paradis' second argument on appeal is as follows: even if there was a clearly established constitutional right to be free from sex discrimination in the workplace, "[i]t cannot be said that Paradis' action was objectively unreasonable given the extraordinary circumstances confronting him." Although cloaked as a purely legal issue, this argument is actually fact-based. The objective reasonableness of Paradis' conduct (under clearly established law) will necessarily turn on an issue of fact: whether the conduct was motivated by sex-based animus. See Poe v. ___ ___ Haydon, 853 F.2d 418, 431 (6th Cir. 1988), cert. denied, 488 ______ ____________ U.S. 1007 (1989). Under Johnson, "a district court's _______ pretrial rejection of a qualified immunity defense is not immediately appealable to the extent that it turns on . . . an issue of fact . . . ." Stella, supra, at 6-7. Therefore, ______ _____ we lack jurisdiction to consider the second issue raised by this appeal. Affirmed in part, dismissed in part, and remanded ___________________________________________________ for further proceedings. Costs to appellee. _______________________ _________________ -3-